IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOHN AUNDO GAMBLE, | ) | C.A. No. 4:07-70026 |
| | ) | Crim. No. 4:04-150 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the *pro se* petitioner John Aundo Gamble's (hereinafter "Gamble" or "petitioner" or "defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to (1) possessing with intent to distribute five grams or more of cocaine base (commonly known as "crack" cocaine) and a quantity of cocaine; (2) felon in possession of a firearm; and (3) using/carrying/possessing a firearm in connection with a drug trafficking crime. As the record reflects, on February 25, 2004, a federal Grand Jury returned an Indictment which charged the defendant with the three counts referenced above. On May 3, 2004, the defendant entered a plea of guilty to all three counts pursuant to a written plea agreement with the government. He was sentenced on August 31, 2004 to a total term of two hundred forty (240) months (240 months as to Count 1, 120 months as to Count 2, and 60 months as to Count 3, all such terms to run concurrently), followed by a five-year period of supervised release (4 years as to Count 1, 3 years as to Count 2, and 5 years as to Count three, all such terms to run concurrently). The petitioner appealed his

1

sentence, which was affirmed by the Fourth Circuit by unpublished per curiam opinion on December 1, 2005.

Petitioner then filed the present action on March 7, 2007, alleging several grounds for relief. (Docs. # 37). The petitioner filed a pro se motion for summary judgment on January 28, 2008. (Doc. # 45). The government filed its response to petitioner's motion for relief under 28 U.S.C. 2255 and motion for summary judgment on March 21, 2008. (Doc. # 47). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed April 10, 2008, that he had thirty-four days to file any material in opposition to the motion for summary judgment. (Doc. # 48). On May 8, 2008, Petitioner filed additional documents. (Doc. # 50). It appears that this matter is now ripe for decision.

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error

does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## SUMMARY JUDGMENT STANDARD

Both the government and petitioner have filed motions for summary judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

3

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

In his petition, petitioner asserts the following grounds for relief [set forth verbatim]:

1. The petitioner Gamble received ineffective assistance of counsel when counsel advise him to voluntary plea guilty. Counsel advise Gamble that if he doesn't take this plea deal for 10 years that the government is offering him and they were to find him guilty at trial they are going to give him a life sentence.

2. The petitioner Gamble received ineffective assistance of counsel at sentencing. Counsel at sentencing fails to object or inform the sentencing Court that him and the government had made a oral plea agreement deal for 10 years, that is not into the written plea agreement.

3. The petitioner Gamble received ineffective assistance of counsel on direct appeal. Counsel fails to inform the Court of Appeals that the government breach the oral plea agreement that he introduced to Gamble to plea guilty to.

4. The petitioner Gamble conviction was unlawfully obtained by malicious vendicted [sp] prosecution. For counsel to get Gamble to plea guilty, Counsel informed Gamble that the Prosecutor is offering him a 10 years sentence if he pleads guilty, but at sentencing the Prosecutor went back on her word, and did not make the Court aware she promised Gamble a 10 years sentence for his guilty plea.

Petitioner also filed additional documents for the Court's consideration on May 8, 2008, in which he asserts the following:

> The evidence clearly shows that (1) I was originally indicted on 5 grams or more of cocaine base (commonly known as crack cocaine), but ended up getting sentence to 50 grams or more. (2) The carry and use, Count 3, should have never existed because

>it is misleading and makes the crimes committed seem more severe than they really are plus when arrested I was not carrying nor did I attempt to use the firearm. (3) I do not meet the criteria for armed career offender or career offender, it is plain error. (4) the representation that I received was ineffective assistance of counsel in court and in my direct appeal. (5) the failure of the government to respond to my 2255 to discredit what I have claimed clearly shows that the evidence that has been presented by me is true.

With regards to petitioner's first, second, third and fourth grounds for ineffective assistance of counsel, all of which appear to involve a claim by petitioner that there was an oral plea agreement for him to receive a ten year sentence, the government asserts that petitioner's claims are without merit. Specifically, the government asserts that petitioner has shown neither prejudice nor deficient representation. The government indicates that the record in the case establishes that the during the guilty plea colloquy, the Court fully advised Gamble of his rights, the elements of the charges against him and the possible penalties he faced upon pleading guilty. The government indicates that petitioner clearly advised the Court that he understood those rights, wished to waived those rights and plead guilty, as well as further acknowledged that he was entering a knowing and voluntary plea, and was, in fact, guilty of the offenses to which he was pleading. In support of its motion, the government relies on the affidavit of defense counsel Michael Meetze, which states that:

>At no time did I ever tell [petitioner] that the government had offered to give him or recommend that he receive a 10 year sentence. There was no such offer of deal ever on the table. In fact, I distinctly remember telling [petitioner] that I thought he would qualify as a career offender. I also distinctly remember telling [petitioner] that if he pleaded guilty to his charges, that he would receive a sentence in excess of twenty years.

The government argues that there "clearly was never a secret agreement for Gamble to receive a ten-year sentence. Thus Meetze was not ineffective for failing to raise the same at sentencing or on direct appeal."

In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden. See, Sanders v. U.S., 2008 WL 4279496, 3 (W.D.N.C. 2008) (citing Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1294-99 (4th Cir. 1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.1988). The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the *[Strickland]* test is slightly modified. [The petitioner] "must show that there is

6

> a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."
>
> Id. (quoting Hill, supra, at 59); accord Fields, supra, at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." Id. (citing Fields, at 1299).

Petitioner's burden as outlined above is two-pronged, and this Court is not sufficiently persuaded that he has satisfied either prong in relation to the ineffective assistance of counsel claims raised in his petition and outlined verbatim above. In each instance petitioner has made an assertion that counsel has failed to do something that petitioner feels he should have done, however, petitioner does not allege, nor offer persuasive argument that but for counsel's actions, the outcome would have been different.

This Court has carefully reviewed the plea transcript in this case. As the record makes clear, petitioner's allegations that his counsel was ineffective in advising him to plead guilty, failing to inform the sentencing Court, as well as the Court of Appeals, of an alleged oral plea agreement, directly contradicts his " 'solemn declarations in open court' " that the he was entering into the plea of guilty freely and voluntarily and that the Government (nor any one else) did not induce his plea with any promises of leniency. See Crews v. U.S., 2006 WL 897219, 4 (E.D.Va. 2006). The Court notes that when questioned by the Court at his change of plea hearing, petitioner indicated that he had sufficient time to consult with counsel, was satisfied with counsel's representation, and that counsel had not failed to do anything that petitioner wanted, or had asked, him to do.

7

Q:   Have you had sufficient time to consult with your attorney in your case?

A:   Yes, sir.

Q:   Are you fully satisfied with the counsel, representation, and advice given to you by Mr. Meetze in this case?

A:   Yes, sir.

Q:   Is there anything else you want Mr. Meetze to do for you that he has not done?

A:   No, sir.

Tr. Guilty Plea p. 4.

....

(Following a summary of the plea agreement):

Q:   Mr. Gamble, are those the terms of your plea agreement with the government? Did you have an opportunity to read and discuss the plea agreement with your attorney before you signed it?

A:   Yes, sir.

Q:   Do you understand the terms of your plea agreement?

A:   Yes, sir.

Q:   Does it represent in its entirety the understanding you have with the government?

A:   Yes, sir.

Q:   Has anyone made any other promises to you, other than what is set forth in that plea agreement?

A:   No, sir.

Q:   Has anyone attempted in any way to force you to plead guilty?

A:   No, sir.

Q:   Has anyone promised you that you would receive a certain sentence from this court?

A:   No, sir.

Tr. Guilty Plea p. 5-6.

....

Q:   Do you also understand that the sentence imposed by this court may be different from any estimate your attorney may have given you?

A:   Yes, sir.

Tr. Guilty Plea p. 8.

....

Q:   Mr. Gamble, are you entering a plea today, doing so of your own free will?

A:   Yes, sir.

Tr. Guilty Plea p. 12.

....

Q:   Now, let me ask you, Mr. Meetze, have you explained the charges to your client and the elements of these charges to your client?

A:   (Meetze):   Yes, sir, I have. I have also talked to him about the possibility that he would be a career offender regarding the drug charge and the 924(c) charge, which would subject him to an even more severe guideline range, and I have talked about all those things in detail with him.

Tr. Guilty Plea p. 21-22.

A review of the Rule 11 proceedings establishes that petitioner's sworn statements to the Court stand in stark conflict with his now self-serving allegations. Indeed, petitioner's sworn answers to the Court's questions tend to establish that he and counsel reviewed the plea agreement, the charges to which petitioner was pleading guilty, and the elements which were necessary to prove the offenses. In addition, the record contains petitioner's representations that he understood the Court's admonition that even if he received a sentence which was more severe than he was expecting, he still would be bound by his guilty plea. Tr. Guilty Plea p. 10. Furthermore, petitioner's answers tend to establish that no one had made him any promises other than those set out in his written plea agreement and that he was satisfied with counsel's services.

Additionally, the Court has reviewed the plea agreement in this case in light of the allegations that petitioner was promised a ten-year term of imprisonment. Nowhere in the plea agreement is there any explicit promise that petitioner will receive a ten-year prison term. In addition, the Plea Agreement's integration clause states that all agreements, representations, and understandings between the parties have been set forth in that Agreement and no other agreements will be entered unless executed in writing. Petitioner has produced no other writings showing that the Government

9

promised him that he would only receive a ten-year term. Additionally, the plea agreement also includes language that the defendant understands that the matter of sentencing is within the sole discretion of the Court, and that any estimate of a probable sentencing range that defendant may have received from defendant's attorney, the attorneys for the government or the United States Probation Office is only a predication, not a promise, and is not binding on the attorneys for the government, the Probation Office, or the Court.

In sum, this Court cannot conclude that petitioner's legal counsel was deficient in his performance, or that petitioner can show any resulting prejudice therefrom. Accordingly, the government's motion for summary judgment as to all of the ineffective assistance of counsel claims raised by petitioner is granted.

To the extent that petitioner has raised additional claims related to the drug weight on which he was sentenced, the 924(c) conviction, and/or his status as a career offender, the Court will address these claims briefly. As to petitioner's drug weights, the PSI held petitioner accountable for 274.79 kilograms of marijuana equivalency (after conversion of the crack cocaine and powder cocaine) resulting in a base offense level of 26 for this amount of drugs. United States Sentencing Guideline Section 1B1.3 Relevant Conduct provides in relevant part as follows:

> Unless otherwise specified, (I) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following: all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; . . .[1]

---

[1] The issue of drug weights and the relevant conduct with regards to drug weights was discussed with petitioner at his plea. Tr. Guilty Plea p. 8-9.

Additionally, as defendant was determined to be a career offender, his actual guideline range was determined under the career offender guideline which would be higher than any guidelines calculated for the drug offense. Accordingly, the Court finds no grounds for relief on any claim that petitioner was indicated for only 5 grams or more of cocaine base, but was sentenced to 50 grams or more. As to petitioner's challenge to his 924(c) conviction, this Court finds this ground to be without merit. After the decision of <u>Bailey v. United States</u>, 516 U.S. 137 (1995) was issued, Congress amended Title 18, United States Code, Section 924(c) so that possession of a firearm in furtherance of a drug trafficking crime is a sufficient basis. <u>See United States v. Lomax</u>, 293 F.3d 701 (4th Cir. 2002). Finally, as to any challenge by petitioner to his career offender status, the Court finds this claim to be without merit as well. United States Sentencing Guideline Section 4B1.1 reads in relevant part as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

It is evident that the instant offense involves possession with intent to distribute 5 grams or more of crack cocaine and a quantity of cocaine and that defendant was 18 years or older at the time of its commission. The PSI concluded that the defendant has convictions for burglary on two separate and unrelated occasions in 2003 (as qualifying predicate offenses) such that the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. As the Court finds that defendant was appropriately determined to be a career offender, any claim for relief related to this ground is hereby dismissed.

For all of the reasons cited above, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. Respondent's motion for summary judgment is **GRANTED**, Petitioner's motion for summary judgment is **DENIED**, and this matter is **DISMISSED**, with prejudice.

**IT IS SO ORDERED.**

                                                    s/ Terry L. Wooten
                                                 **TERRY L. WOOTEN**
                                   CHIEF UNITED STATES DISTRICT JUDGE

March 5, 2013

Florence, South Carolina