IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Aundo Gamble,<br><br>   PETITIONER<br><br> v.<br><br>United States of America,<br><br>   RESPONDENT | Crim. No. 4:04-cr-00150-TLW-1<br>C/A No. 4:15-cv-04731-TLW<br><br>**Order** |

  This matter comes before the Court for consideration of the pro se motion entitled "Motion for Revision of Sentence Under 28 U.S.C. 3582(c)" filed by Petitioner John Aundo Gamble. Because this motion challenges his underlying sentence, the Court construes this motion as a petition for relief pursuant to pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I. Factual and Procedural History

  Petitioner pled guilty to charges of drug conspiracy, felon in possession, and 924(c), and the Court sentenced him as a career offender to 240 months incarceration. He filed a direct appeal and the Fourth Circuit affirmed. *United States v. Gamble*, 155 F. App'x 723 (4th Cir. 2005).

  In March 2007, Petitioner filed a § 2255 petition. ECF No. 37. After briefing, the Court denied the petition on the merits. ECF No. 52. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. *United States v. Gamble*, 536 F. App'x 332 (4th Cir. 2013).[1]

---

[1] This Court's order denying his petition was issued February 17, 2009, but in March 2013, the Court vacated and immediately reinstated the order to allow him to file his appeal, as it appeared

1

Petitioner filed the instant § 2255 petition on or about November 11, 2015,[2] asserting that he was improperly classified as a career offender. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.     Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

   (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification

---

that the original order may not have been mailed to him. *See* ECF Nos. 61–63.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III.   Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 85, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<i>s/ Terry L. Wooten</i><br>
Terry L. Wooten<br>
Chief United States District Judge

December 9, 2015
Columbia, South Carolina